ELLIS, Judge.
On October 12, 1967, Robert L. Edwards executed a bond for deed in favor of Paul F. Gaude, by virtue of which he agreed to transfer 20 acres of land in Tangipahoa Parish to Gaude in consideration of the payment of $13,500.00. Under the terms of the agreement, $2,000.00 was paid in cash, and Mr. Gaude agreed to pay the balance of $11,500.00 in monthly installments of $72.00, “attributable first to interest at the rate of eight (8%) per cent per annum on the unpaid balance of Eleven Thousand Five Hundred and no/100 ($11,500.00) Dollars, and the remainder of each said payment attributable to principal, until a total of Thirteen Thousand Five Hundred Dollars ($13,500.00) has been paid on account of said principal, which includes the Two Thousand Dollars ($2,000.00) down payment.”
On April 17, 1972, Mr. Edwards filed a petition for executory process, alleging that Mr. Gaude and his wife, Claudia Renfro Gaude, had given a note in connection with the bond for deed, and had granted a special mortgage on the property under the terms thereof. It is also alleged that Mr. and Mrs. Gaude had “consented that if payment is not made in accordance with the terms and stipulations of the bond for deed, the property might be seized and sold by executory process for cash . . . ”.
It is further alleged that Mr. and Mrs. Gaude had failed to make the payments due on March 5, 1972, and thereafter, and that the balance due was $13,420.06.
We note that, according to the terms of the bond for deed itself, no promissory note was given by Mr. Gaude, no mortgage was granted, and there was no consent for exec-utory process in the event of nonpayment. No copy of the bond for deed or of the alleged note appears in the record of the executory proceeding.
Mr. and Mrs. Gaude attempted to enjoin the executory proceeding on the ground that Mr. Edwards was required by R.S. 9:2945 to give 45 days notice to the purchaser of the intention to cancel the bond for deed if payment is not made. For reasons which do not appear of record, the injunction was denied, and on August 20, 1973, the property was sold by the Sheriff and bought in at the sale by Mr. Edwards for $14,100.00. Mr. Edwards paid $667.06 as costs, and retained the balance of $13,-432.94.
In the meanwhile, on February 27, 1973, this suit was filed, alleging the basic facts of the bond for deed and the foreclosure thereon. It is also alleged that Mr. and Mrs. Gaude, in February, 1972, had requested the balance due under the contract so that they might pay same and get title to the property. They allege that the balance of $13,420.06 is far in excess of the original amount of $11,500.00 which they had agreed to pay, that Mr. Edwards had refused to account for how that balance was determined, and that the foreclosure suit had been filed before the dispute could be worked out. It is further alleged that the credit standing of the petitioners had been damaged by the executory proceeding brought against them.
Plaintiffs ask for a judgment compelling defendant to transfer the property to them, after payment of the balance due under the bond for deed as determined by the court, and that defendant make an accounting of the balance due. Plaintiffs further pray *249 for damages, including damage to their credit standing and attorneys’ fees.
To the petition, defendant filed an answer, a peremptory exception of no cause or right of action and a peremptory exception of res judicata. These exceptions were dismissed by the trial court. Subsequently, on May 31, 1976, the matter was submitted to the court on the merits on a joint stipulation of fact, which reads as follows:
“It is stipulated by and between the plaintiff and defendant that:
“I. The following documents are introduced into evidence:
“A. Bond for deed contract between Robert L. Edwards and Paul F. Gaude dated October 12, 1967.
“B. The entire record of Robert L. Edwards versus Paul F. Gaude and Claudia Renfro Gaude, Number 40,442.
“II. The following facts are uncontested and agreed upon between the plaintiff and defendant that:
“A. Petitioners were called upon to testify. They would testify that the original balance due under contract was $11,500.00 and the defendant would testify that the original balance due was $13,420.06.'
“B. It is the position of plaintiff that the bond for deed contract cannot be cancelled without the 45 days registered mail notice to Paul Gaude to bring the account up to date, which was not done (La.R.S. 9:2945).
“C. It is the position of the defendant that this question was resolved in the matter entitled Robert L. Edwards versus Paul F. Gaude and Claudia Renfro Gaude, No. 40,442.
“D. A temporary injunction was issued twice cancelling the sheriff’s sale in the above referred to executory process filed by Robert L. Edwards and the Honorable Gordon E. Causey dismissed the Gaudes’ rule for injunction and accounting of the balance due under the bond for deed contract.
“E. After the petition for executory process was filed, petitioners tendered the late payments under the bond for deed contract, however they were returned by Robert L. Edwards’ attorney by letter dated July 24, 1972.
“F. Petitioners pray for attorney fees as damages.
“G. Both parties submit the matter on these stipulations and the records and ask for fifteen (15) days apiece in which to file brief.”
Thereafter, judgment was rendered in favor of plaintiffs, decreeing that they have a “good, valid and marketable title” to the 20-acre tract; ordering defendant to transfer title thereto to plaintiffs on payment of $13,420.06; and ordering defendant to render an accounting of the amount due under the bond for deed contract. From this judgment, defendant has appealed. Plaintiffs have neither appealed nor answered the defendant’s appeal.
The first specification of error is that the judge should have maintained the exception of res judicata filed by defendant.
Article 2286 of the Civil Code provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
In the foreclosure suit, the thing demand-" ed by Mr. Edwards was that the property be seized and sold and the thing demanded by Mr. and Mrs. Gaude was that the proceeding be enjoined. In this suit, Mr. and Mrs. Gaude seek an accounting of their payments, and specific performance of the bond for deed contract, and damages. Mr. Edwards prays that their demands be rejected. Therefore, since the objects of the demand are not the same, the exception of res judicata was properly overruled.
We further note that the so-called executory proceeding accomplished nothing, since Mr. Edwards was the owner of the property at the inception of the suit. In effect, he paid $667.06 for the privilege of *250 buying in his own property. It is clear from R.S. 9:2945 that the proper method of cancelling a bond for deed upon nonpayment in accordance with its terms, is by the giving of 45 days notice to the purchaser of the intent to cancel if all amounts due are not paid. It is not pretended that any such notice was given.
The second specification of error is that the judge erred in granting specific performance under the bond for deed contract. The argument made is basically the same as that made on the exception of res judicata.
As we appreciate the procedural posture of this case, Mr. Edwards is presently the record owner of the 20 acres, but his ownership is subject to the terms and conditions of the bond for deed contract. The executory proceeding neither added anything to nor detracted from his interest in the property. Mr. Edwards has never given the notice required by R.S. 9:2945, so that he has never been and is not now in a position to cancel the bond for deed contract.
The contract calls for monthly payments of $72.00, to satisfy a debt of $11,-500.00 together with interest at the rate of eight per cent per annum. We compute the annual interest to be $920.00, whereas the payments provided for in the contract total only $864.00 per year. At that rate, Mr. and Mrs. Gaude could never pay off the "contract according to its terms. Since the contract obviously contemplates that the purchasers would eventually take title thereto, we think it clear that they are entitled to an accounting and to have the title transferred to them upon the payment of the balance due.
The judgment signed in the court below is ambiguous, and contradictory, in that it recognizes plaintiffs’ title to the property and then orders the defendant to transfer same; and fixes the price of the transfer and then orders an accounting. However, we believe that the trial judge intended that the defendant compute the amount presently due under the contract after allowing credit for all payments made, and that, upon payment of that amount to him by plaintiffs, he transfer title to the 20-acre tract to them.
Accordingly, as above interpreted, the judgment appealed from is affirmed, at defendant’s cost.
AFFIRMED.