923 So.2d 962 (2006)
Carson Wayne LYONS and Sheila Sharon Denicola Lyons, Plaintiffs-Appellees,
v.
Chester Earl PITTS, Leslie Faye Innes Pitts, and Brandy Denise Pitts Mushenski, Defendants-Appellants.
Chester Earl Pitts, Leslie Faye Innes Pitts and Brandy Denise Pitts Mushenski, Plaintiffs-Appellants,
v.
Carson Wayne Lyons and Sheila Sharon Denicola Lyons, Defendants-Appellees.
Nos. 40,733-CA, 40,734-CA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
*963 Kitchens, Benton, Kitchens & Newell, by: Clinton C. Black, Minden, for Appellants.
Gary V. Evans, Mansfield, for Appellees.
Before STEWART, DREW and MOORE, JJ.
MOORE, J.
Chester Earl Pitts appeals two judgments. The first ordered Pitts to accept prepayment in full and convey title under a bond for deed contract whereby he promised to sell a tract of land to Carson and Sheila Lyons. The second implicitly denied Pitts's petition to evict the Lyonses from the property. For the reasons expressed, we affirm.

Procedural Background
The parties executed the bond for deed contract on October 21, 2001. In overview, Pitts promised to sell a house and lot on Sligo Road in south Bossier City to the Lyonses for $55,000.
Specifically, the Lyonses gave Pitts a down payment of $5,000 and agreed to pay the balance of $50,000 "at the rate of $470.64 per month with 7.75% per annum interest, in 180 consecutive payments * * * until fully paid[.]" They also agreed to pay certain taxes, assessments and insurance on the property. In exchange, Pitts promised, "the vendor will at that time, execute a sufficient warranty deed" conveying the property. The bond for deed also included the following, referred to by the parties as the "second clause":
Appearers further declare that the payment of each monthly installment of $470.64 is of the essence of this agreement, and that if any one of the installments are [sic] not paid when due, or if the vendee shall in any other manner violate the covenants hereunder, then all of the vendee's rights under this contract shall be forfeited by them and the vendor shall be entitled to retain all payments heretofore made by the vendee, retain all improvements placed upon the premises without reimbursing the vendee therefore [sic], and vendee covenants and agrees that they will and all persons holding under them whatsoever shall immediately surrender said property and the improvements thereon to the vendor, their heirs, successors or assigns.
The bond for deed made no mention of prepayment.
The Lyonses obtained financing from a commercial lender to pay off the installments and set a closing date of March 5, 2003. They alleged they were prepared to tender the balance due, but Pitts refused to attend the closing and convey the property. The Lyonses filed suit (No. 40,733) in September 2003 to compel specific performance of the bond for deed. They *964 named as defendants Pitts, his wife Leslie Pitts, and his daughter Brandy P. Mushenski, all of whom signed the bond for deed as vendors.
At trial in November 2004, most of the testimony went beyond the four corners of the bond for deed document, but it illuminated the transaction. Mrs. Lyons testified that Pitts is her brother-in-law (Leslie Pitts is her sister). Mrs. Lyons and her husband had been living in New York and wished to return to Louisiana. She talked to Pitts about buying the house in 2000; eventually he agreed to sell it. She considered $55,000 a fair price, given the age and condition of the house. She thought Pitts would give them a "private mortgage," but instead he drafted the bond for deed, which she received and read about two weeks before they signed it on October 21, 2001. After they signed the bond for deed and moved in, she wanted to pay it off because it charged 7.75% interest, whereas she could get a commercial loan for under 5%. She admitted that her proposed payoff did not include interest, only the balance due on the principal. Mr. Lyons confirmed his wife's testimony, adding that he had made substantial repairs to the roof and windows.
Pitts testified that the bond for deed accurately expressed his intent: he wanted to receive payments for 180 months, wanted to get his 7.75% interest, and would not have agreed to a contract that allowed prepayment. He added that he sold the property for less than its true value because he "didn't want the property to at some point be sold to someone else." He wanted to be sure it would not be sold for 15 years so he could develop other property that he still owns nearby.
The district court rendered a written opinion finding that the bond for deed was silent as to prepayment. The court noted that the jurisprudence disapproves of restrictions on commerce or taking land out of commerce. The court found the "second clause" was ambiguous: it could mean either that payments are amortized or that all funds must be paid before title is conveyed. If the parties had intended to prohibit prepayment, they could have so stated: the bond for deed statute, La. R.S. 9:2941, did not prohibit prepayment, and La. C.C. art. 1779 establishes that a term for payment is presumed to benefit the obligor. Finally, the court cited Castano v. Bellina, 503 So.2d 195 (La.App. 4 Cir.), writ denied, 506 So.2d 1226 (1987), a case involving a promissory note for the purchase of property, as almost apposite. The note in Castano was silent as to prepayment, but the fourth circuit allowed prepayment on the strength of Art. 1779. The court found "no restriction of prepayment implicit in the [bond for deed] contract" and ordered specific performance in favor of the Lyonses.
Before this judgment had been signed, Pitts filed a separate suit (No. 40,734) in January 2005 to evict the Lyonses from the house because they failed to make their December 2004 payment under the bond for deed.[1] On the Lyonses' motion, the district court consolidated this suit with their suit for specific performance. At a hearing in June 2005, the court signed the judgment in No. 40,733 and ordered the Lyonses to tender the full amount due within 30 days. The court did not sign any judgment rejecting Pitts's eviction suit.[2]
Pitts has appealed suspensively.

*965 Discussion: The Bond for Deed

By his first assignment of error, Pitts urges the district court committed legal error, warranting a de novo review of the case. He contests the court's finding that the bond for deed allowed prepayment without interest. He argues the instrument is not a note or mortgage, but specifically a bond for deed, in which "the purchase price is to be paid by the buyer to the seller in installments." La. R.S. 9:2941. He cites his own testimony that the purpose of the second clause was to "insure the duration of the contract." Finally, he contends the parties' failure to mention prepayment as an option should be construed as expressing their intent to prohibit it. In support he cites La. C.C. art.2054 and pleads for a "four corners" construction.
The Lyonses respond that the court's judgment was legally correct. Although R.S. 9:2941 contemplates installments, title is not transferred incrementally after each installment; rather, the whole title is transferred upon payment of a stipulated sum. Also, the bond for deed prescribes monthly payments "until fully paid," without saying when the final payment was due; this left open the option of prepaying the stipulated sum. They submit that Pitts's failure to exclude prepayment created an ambiguity which the court properly construed against Pitts; they agree with the analogy to Castano v. Bellina, supra. Finally, they contend that Gaude v. Edwards, 360 So.2d 247 (La.App. 1 Cir.1978), implicitly approved prepayments by holding the buyers under a bond for deed "are entitled to an accounting and to have the title transferred to them upon the payment of the balance due."
A bond for deed is a "contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer." La. R.S. 9:2941. The bond for deed is fundamentally a device to circumvent the normal prohibition against conditional sales, i.e., sales under which passage of title is postponed until payment of the price. Seals v. Sumrall, XXXX-XXXX (La.App. 1 Cir. 9/17/04), 887 So.2d 91; David Levingston, Bond for Deed Contracts, 31 La. L.Rev. 587 (1971); F. Hodge O'Neal, The Conditional Sale in Louisiana, 2 La. L.Rev. 338 (1940). The bond for deed is used as a security device in favor of the seller; the legislature passed the bond for deed law, La. R.S. 9:2941-2949, in 1934 with the intent to protect purchasers, who are "generally not as well informed as sellers nor as qualified to protect themselves against sharp practices." Levingston, Bond for Deed Contracts, supra at 587-588, and authorities therein. Although the bond for deed law is the product of the Great Depression, in 1993 the legislature found that "Louisiana consumers have evidenced an increased use of the bond for deed transaction[.]" House Concurrent Res. No. 246, 1993 Reg. Sess.
When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purposes. La. C.C. art.2054; Ellwood Oil Co. v. Anderson, 26,907 (La.App. 2 Cir. 5/10/95), 655 So.2d 694, writ denied, 95-1485 (La.10/6/95), 661 So.2d 466. A term for the performance of an obligation is presumed to benefit the obligor (buyer) unless the agreement or the circumstances show that it was intended *966 to benefit the obligee (seller) or both parties. La. C.C. art. 1779; Castano v. Bellina, supra. In case of doubt that cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor of a particular obligation. La. C.C. art.2057; Pittman v. Pomeroy, 552 So.2d 983 (La.App. 2 Cir. 1989). The interpretation of a bond for deed, like any contract, is a question of law. Seals v. Sumrall, supra; Edwards v. Daugherty, 2003-2103 (La.10/1/04), 883 So.2d 932.
The instant bond for deed is mute as to the buyer's right to prepay. Virtually every other provision, however, heavily favors the seller, such as the seller's right to retain all payments, and the buyers' forfeiture of all improvements, in the event of default. The only provision materially benefitting the buyers is the term for payment, but even this is not definitely stated.[3] In the circumstances, the law supplies the presumption that the term should benefit the buyer. La. C.C. art. 1779. This encompasses the buyer's right to prepay in full. Castano v. Bellina, supra. Given the balance of benefits clearly delineated in the bond for deed, equity also favors granting the buyer the normal right to prepay. La. C.C. art. 2054. Moreover, the ambiguity as to prepayment can only be ascribed to the seller, who drafted the document. La. C.C. art.2057; Pittman v. Pomeroy, supra. Finally, although the jurisprudence has never directly addressed the issue presented, the court in Gaude v. Edwards, supra, ordered an accounting of the unpaid balance under a bond for deed. This implicitly recognizes the right of prepayment.
In short, the district court committed no legal error in finding that this bond for deed failed to exclude the option of prepayment. To the extent that the court used extraneous evidence to discern the parties' intent, we find no manifest error either. The court could reasonably find that Pitts's testimony reflected only his view of the transaction, not the parties' mutual intent. The first assignment of error lacks merit.

The Eviction Action
By his second assignment of error, Pitts urges the district court erred in denying his suit for eviction. He contends that the Lyonses' December 2004 monthly installment was late, he notified them of termination of the bond for deed, and followed all the statutory requirements for eviction. He does not elaborate on the statutory requirements.
The Lyonses submit that the eviction suit was properly rejected as an effort to sidestep the previous judgment. Alternatively, they argue that Pitts did not follow the special procedure for cancelling a bond for deed, La. R.S. 9:2945, thus making the attempted cancellation ineffective. Thomas v. King, 35,857 (La.App. 2 Cir. 4/3/02), 813 So.2d 1227.
At the hearing on the rule for eviction, counsel for Pitts conceded that insufficient time had elapsed between rendition of the judgment and the filing of the eviction. He agreed to give the Lyonses "at least 30 days" to tender payment of the balance due under the bond for deed. The court agreed, ordering the Lyonses to tender the balance within 30 days and Pitts to sign the warranty deed conveying the property. Execution of this order was obviously suspended by Pitts's suspensive appeal.
We see no basis to disturb the district court's implicit rejection of the eviction *967 suit. If the Lyonses tender the balance within 30 days after the judgment becomes final, they are then owners of the property and the effort to evict them is moot. If they fail to do so, Pitts may reassert the eviction suit together with any other remedies provided by law.

Conclusion
For the reasons expressed, the judgments are affirmed. Costs are to be paid by Chester Earl Pitts, Leslie Faye Innes Pitts and Brandy Denise Pitts Mushenski.
AFFIRMED.
NOTES
[1] Mrs. Lyons apparently tendered a check for $470.76 on December 3, 2004, but Pitts did not negotiate it.
[2] Because an appeal may be taken only from a signed judgment, La. C.C.P. art.1911, this court converted the appeal in No. 40,734 to an application for supervisory review to be heard simultaneously with the appeal in No. 40,733.
[3] The bond for deed calls for 180 monthly payments (15 years), starting November 1, 2001, but also for monthly payments of $470.64 plus interest of 7.75% "until fully paid."