PEATROSS, J.
Lin this consolidated appeal, the primary issue concerns the effect of a purported buy/sell agreement for the sale of approximately 13 acres and home located thereon in Mansfield, Louisiana, by and between Alton Robbins, through his power of attorney, Loretta Born, as seller, and prospective purchaser, Toni Ford McCoy. The trial court entered judgment ordering Ms. McCoy to vacate the home as requested by Ms. Born. Ms. McCoy appeals. For the reasons stated herein, we affirm.

FACTS

Mr. Robbins, through his daughter and power of attorney, Loretta Born, and Ms. McCoy executed a buy/sell agreement whereby Mr. Robbins would sell and Ms. McCoy would purchase approximately 13 acres of land and home located at 1302 Maple Street in Mansfield. The agreement provided for the payment of a $500 deposit by Ms. McCoy, which she paid. The agreement further provided for a purchase price of $60,000, but the agreement did not provide for any payments, nor did the agreement provide for a closing date. After the agreement was executed, Ms. McCoy made several unsuccessful attempts to secure financing for the purchase of the home. According to Mr. Robbins, Ms. McCoy occupied the residence for about five months while remodeling it and paid no rent or payments during that time because she was bearing the remodeling expenses. Thereafter, Mr. Robbins agreed to accept $200 per month “rent” until Ms. McCoy was able to obtain financing. Three and a half years passed, however, and the parties never closed the sale on the home.
12Mr. Robbins ultimately decided to have Ms. McCoy vacate the premises and provided her with notice to vacate. This prompted Ms. McCoy to file a “Petition for Injunction W/TRO” which sought to prevent Mr. Robbins from selling the property. Mr. Robbins, through his agent, Ms. Born, then filed a “Dilatory Exception of Unauthorized Use of Summary Proceed *172 ings” followed by a “Petition for Eviction and Possession of Premises.” The matters were consolidated and Ms. McCoy’s petition was dismissed as an improper use of summary proceedings. After a brief trial, Mr. Robbins’ petition for eviction was granted and Ms. McCoy was ordered to vacate the premises and to leave certain items there that were owned by Mr. Robbins. This appeal ensued.

DISCUSSION

La. C.C. art. 2440 states:
A sale or promise of sale of an immovable must be by authentic act or by act under private signature, except as provided in Article 1839.
Article 1839 provides that an oral transfer is valid when the property has been delivered and the transferor recognizes the transfer when interrogated under oath.
In the case sub judice, Mr. Robbins submits that the sale of the property was never closed and title was not transferred to Ms. McCoy because she was unable to secure financing. It is not disputed that Ms. McCoy paid a $500 deposit, but never paid the remaining $59,500 of the purchase price. In addition, Mr. Robbins did not admit under oath a transfer of the property. To the contrary, he argues that, in order to | ¡¡accommodate Ms. McCoy, he agreed to accept $200 per month rent on a month-to-month basis following her renovations of the property while she tried to obtain financing of the purchase price. Ultimately, she was unable to do so and he chose to have her vacate the premises.
The testimony reveals that Ms. McCoy was current with the $200 payments and that there were notations of “house note” on various payment instruments including cancelled checks and money order receipts. Ms. McCoy maintains that this indicates that the payments were house payments to be applied against the purchase price. Ms. Born, however, testified that she agreed as agent for her father to this modification of the memo on the checks out of sympathy for Ms. McCoy because Ms. McCoy had told her ailing mother, who was suffering from cancer, that she was purchasing the home rather than renting it. Ms. Born maintained that the relationship was a month-to-month rental arrangement. She testified that $200 per month was well below the rental value of the home and that, at that rate, it would take over 24 years to pay the purchase price, and with no interest. Mr. Robbins suggests that Ms. McCoy is attempting to salvage a failed buy/sell agreement by turning it into a bond for deed arrangement.
A bond for deed is defined as “a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.” La. R.S. 9:2941. Under this special contract to sell, possession of the immovable is delivered immediately to the prospective purchaser prior to the payment of the bond for deed [ ¿installments. Thomas v. King, 35,857 (La.App.2d Cir.4/3/02), 813 So.2d 1227. The bond for deed has been interpreted by the jurisprudence as a device to circumvent the normal prohibition against conditional sales, i.e., sales under which passage of title is postponed until payment of the price. Lyons v. Pitts, 40,733 (La.App.2d Cir.3/8/06), 923 So.2d 962; Seals v. Summit, 03-0873 (La.App. 1st Cir.9/17/04), 887 So.2d 91; David Levingston, Bond for Deed Contracts, 31 La. L.Rev. 587 (1971); F. Hodge O’Neal, The Conditional Sale in Louisiana, 2 La. L.Rev. 338 (1940).
Significantly, however, there is no evidence in this record of any written mod *173 ification of the buy/sell agreement providing for installment payments toward the purchase price of the property. Likewise, there is no evidence of any credit sale deed or bond for deed arrangement for $200 per month or any other amount per month. We can find nothing in this record that indicates the written confection of any credit arrangement between the parties affecting this immovable property. The notations of “house payment” on some of the payment receipts are insufficient to support such a finding, especially in light of Ms. Born’s explanation of these notations as explained above.
In summary, we find no error in the trial court’s conclusion that the sale of the property was never confected according to the buy/sell agreement between Mr. Robbins and Ms. McCoy. Further, we find nothing in this record that supports a bond for deed arrangement; rather, the arrangement following the execution of the agreement was a verbal month-to-month lease at a rental rate of $200 per month, which lease can be terminated at | sany time by proper notice. La. C.C. art. 2727, et seq; La. C.C.P. art. 4701, et seq. Mr. Robbins properly notified Ms. McCoy to vacate and the trial court was correct in ordering the eviction.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed at the cost of Toni Ford McCoy.
AFFIRMED.